**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | : | Case No. 2:23-cv-1016 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JOHN DOE subscriber assigned IP | : | |
| Address 184.57.85.189, | : | |
| | : | |
| Defendant. | : | |

**ORDER ON PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE**
**THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

This civil case is before the Court on Plaintiff's *ex parte* motion for leave to serve

a third-party subpoena prior to the Rule 26(f) conference.  (Doc. 7).

On March 20, 2023, Plaintiff Strike 3 Holdings, LLC ("Strike 3"), a company that

owns adult motion pictures, filed this copyright infringement action against Defendant

John Doe, alleging that Defendant unlawfully downloaded and distributed Strike 3's

copyrighted movies using the BitTorrent protocol.  (Doc. 1 at ¶¶ 2, 4).  Strike 3 has

identified Defendant only through his or her Internet Protocol ("IP") address.

(*Id.* at ¶ 12).  On April 11, 2023, Strike 3 filed the instant motion, in which it seeks to

discover John Doe's name and address by issuing a subpoena to Spectrum, the Internet

Service Provider ("ISP") associated with the identified IP address.  (Doc. 7).

Generally, a party "may not seek discovery from any source before the parties

have conferred as required by Rule 26(f)," but the Federal Rules allow early discovery

"when authorized . . . by court order."  Fed. R. Civ. P. 26(d)(1).  Courts within the Sixth

Circuit require a showing of good cause in order to authorize expedited discovery.

*Malibu Media, LLC v. Doe*, No. 2:15-CV-1202, 2015 WL 12732859, at *1 (S.D. Ohio

Apr. 13, 2015) (citation omitted).  Good cause may be found based upon "(1) allegations

of copyright infringement, (2) the danger that the ISP will not preserve the information

sought, (3) the narrow scope of the information sought, and (4) the conclusion that

expedited discovery would substantially contribute to moving the case forward." *Malibu*

*Media*, 2015 WL 12732859, at *1 (citations omitted).

Having reviewed the complaint, the instant motion, and the accompanying

memorandum of points and authorities, the Court finds that Strike 3 has demonstrated

good cause for early discovery.  Strike 3 has alleged a claim for direct copyright

infringement (Doc. 1 at ¶¶ 13-46; Doc. 1-1 (list identifying infringed works)) and

narrowly tailored the discovery sought as exclusively "the true name and address of

Defendant" (Doc. 7-1 at 3).  Furthermore, the information sought is necessary to

prosecute Strike 3's claim and is otherwise unavailable.[1]

Based upon the foregoing, Strike 3's *ex parte* motion for leave to serve a third-

party subpoena prior to the Rule 26(f) conference is **GRANTED**, subject to the

following:

1. Strike 3 may serve a Rule 45 subpoena on Spectrum, the ISP identified in its
   motion, to obtain information to identify John Doe subscriber assigned IP
   address 184.57.85.189, specifically his or her full name and residential
   address.  Strike 3 is expressly <u>not</u> permitted to seek or obtain John Doe's email

---

[1] *See Cook Prods., LLC v. Does 1-10*, No. 16-3045, 2016 WL 10489867 at *1 (N.D. Ohio Dec. 30, 2016) ("Good cause is easily established in a copyright infringement case, where, as here, plaintiff has established that it cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery.") (internal citations omitted).

addresses or telephone numbers.  Strike 3 shall attach a copy of this Order to the subpoena.

2.  If and when Spectrum is served with a subpoena, Spectrum shall give written notice, which may include e-mail notice, to subscriber assigned IP address 184.57.85.189 at least 14 days prior to releasing the subscriber's identifying information to Strike 3.  When giving written notice, Spectrum shall include a copy of this Order.  If Spectrum and/or Defendant would like to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be no earlier than 45 days from the date of service.  Spectrum shall preserve any subpoenaed information, pending the resolution of any timely filed motion to quash.

3.  If the Defendant wishes to proceed anonymously in this litigation, Defendant shall make that request through a motion for protective order. Any such motion shall be filed within 30 days of when Defendant received written notice of the subpoena from Spectrum.  The motion requesting anonymity may be filed under seal if it contains information identifying the Defendant.  If the motion is filed under seal, or is not filed electronically, Defendant shall serve a copy upon counsel for Strike 3.

4.  To preserve Defendant's ability to seek a protective order, Strike 3 shall refrain from identifying Defendant's name on the public docket for a period of 30 days after receiving the subscriber's identifying information from Spectrum.

**IT IS SO ORDERED.**

Date:  4/17/2023                                        *s/Timothy S. Black*
                                                       Timothy S. Black
                                                       United States District Judge

3